

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# Eric Christian Sr. v. All Persons

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Eric Christian Sr. v. All Persons" (2009). *2009 Decisions.* Paper 2071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 08-1349

———

ERIC CHRISTIAN, SR., as Administrator of
THE ESTATE OF JAMES GEORGE SEWER, et al.,

v.

ALL PERSONS CLAIMING ANY RIGHT, TITLE OR INTEREST
IN ALL PROPERTIES KNOWN AND DESCRIBED AS:
All Properties known as Newfound Bay, including but not limited to,
9A, 9D and 9G, Newfound Bay, Newfound Bay No. 1, Newfound
Bay No. 2, excepting only 9C Newfound Bay, East End Quarter,
St. John, V.I.; Black Rock No. 6R Estate Hansen Bay, East End
Quarter, St. John, V.I.; Christian Hughes, Longbay No. 2,
No. 6Q Estate Hansen Bay, East End Quarter, St. John, VI.;
Christian Hughes, Longbay No. 2, East End Quarter, St. John, V.I.;
7A Hansen Bay, East End Quarter. St. John, V.I.;

IRVIN SEWER, for the Heirs of Martin Sewer; ESTATE OF
BERNARD WILLIAMS; ESTATE OF AMOS SULLIVAN,
Intervenor Defendants

Irvin A. Sewer,
Appellant

———

On Appeal From the United States District Court
For the District of the Virgin Islands
(D.C. Civil Action No. 80-cv-00398)
District Judge:  Hon. Stanley S. Brotman

———

Argued December 10, 2008

BEFORE:  FISHER, JORDAN and STAPLETON
*Circuit Judges*

(Opinion Filed: January 6, 2009)

————

Irvin A. Sewer (Argued)
P.O. Box 131
Charlotte Amalie
St. Thomas, USVI  00804
  Appellant

Desmond L. Maynard
Shawn E. Maynard-Hahnfeld (Argued)
P.O. Box 8388
Charlotte Amalie
St. Thomas, USVI  00801
  Attorneys for Appellees

————

OPINION OF THE COURT

————

STAPLETON, Circuit Judge:

This litigation arose from a dispute over the title and boundaries of several parcels

of land located in St. John, United States Virgin Islands, which had been owned by James

George Sewer.  On December 15, 1987, Eric Christian, the administrator of Mr. Sewer's

2

estate, filed an action to quiet title. Appellant Irwin A. Sewer intervened in that action.

In 1993, the parties reached a settlement agreement and stipulated to a judgment by consent. During the ensuing ten years, appellant filed successive and unsuccessful motions to invalidate and vacate that settlement and judgment. The order denying his 2003 motion was affirmed by this court.

A magistrate judge was assigned to render a report and recommendation regarding implementation of the agreement and consent judgment. He issued a Report and Recommendation on January 26, 2005. Thereafter, the District Court denied appellant's objections and approved the Report and Recommendation. Its order of June 14, 2005, read in part as follows:

> The Report and Recommendation of the United States Magistrate Judge Geoffrey Barnard dated January 26, 2005 attached hereto as Exhibit "A" is accepted and its recommendation approved in all respects.
>
> The objections of Defendant Irwin Sewer are DENIED.
>
> Parcel 6Q is to be divided in accordance with the aforesaid Report and Recommendation, as shown on survey map designated as OLG No. A9-625-T004, attached hereto.
>
> The Clerk of the District Court of the Virgin Islands is hereby directed to execute deeds of partition to the respective parties.
>
> The deeds shall be prepared by Desmond L. Maynard, Esq., and submitted to United States Magistrate Judge Geoffrey W. Barnard for approval as to form and content, and then delivered to the Clerk of the District Court of the Virgins [sic] Islands for signature.
>
> Desmond L. Maynard, Esq. shall also prepare such further documents as may be required to effect the terms of the within order.

App. at 26.  The court's order thus finally resolved the boundary dispute and directed that deeds be executed in accordance with a specific survey map attached to the Report and Recommendation.  Appellant did not appeal this order.

On June 5, 2006, appellant, acting *pro se*, filed a motion seeking to prevent the filing of the deeds the court had directed to be executed on the ground that "Commissioners" appointed by the District Court under a Virgin Islands statute should have performed the task that the court had assigned to the magistrate judge.  This motion was denied by the District Court on December 27, 2007, and appellant filed this appeal.

Appellees suggest that the District Court's order of December 27, 2007, was not a final order and that we, accordingly, lack jurisdiction to entertain this appeal.  Given that this was a post-judgment order that does not contemplate any further court proceedings with respect to its subject matter, we conclude that it is a final order for purposes of 28 U.S.C. § 1291.  15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3916 (2d ed. Supp. 2006).  Given the strictly ministerial nature of that order, however, it is difficult to conceive how there could be a legitimate ground for challenge.  *Id*.  ("The scope of appeal, however, should be restricted to the questions properly raised by the post-judgment motion; it should not extend to revive lost opportunities to appeal the underlying judgment.").  Suffice it to say that the only challenges raised by appellant before us are challenges not to the order of December 27, 2007, but rather to the District Court's final order of June 14, 2005, which

4

appellant failed to timely appeal. There is nothing that appellant has urged in this appeal that wasn't or couldn't have been urged prior to the District Court's order of June 14, 2005.

We will affirm the District Court's order of December 27, 2007, denying appellant's motion.